USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:
OCT 07 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KIM RONNETTE HOWE,                              :
                                  Plaintiff,    :        12 Civ. 6955 (JPO)(SN)
                                                :
                    -v-                         :        ORDER ADOPTING
                                                :        REPORT AND
CAROLYN W. COLVIN,                              :        RECOMMENDATION
Commissioner of Social Security.                :
                                  Defendant.    :
-------------------------------------------------------------- X


J. PAUL OETKEN, District Judge.

*Pro se* plaintiff Kim Ronnette Howe brings this action pursuant to § 205(g) of the Social

Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of a final determination by the

Commissioner of the Social Security Administration (the "Commissioner"), which affirmed a

decision by an Administrative Law Judge ("ALJ") on January 5, 2012.  That decision held that

Plaintiff was not entitled to disability insurance benefits or Supplemental Security Income

("SSI").  The Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure, and Plaintiff failed to oppose that motion.  After reviewing the

administrative record and the parties' submissions, Magistrate Judge Sarah Netburn issued a

Report and Recommendation, recommending that the Commissioner's motion be granted.  The

Court adopts Judge Netburn's thorough Report and Recommendation in its entirety.

**I.      Standard of Review**

In reviewing a magistrate judge's report and recommendation, a district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a magistrate judge provides notice to the

parties in a report and recommendation that any objections must be provided within a certain

1

period, and no such objections are filed—as is the case here—the district court will review the

magistrate's findings for clear error. *See Wolff v. Town of Mt. Pleasant*, No. 06 Civ. 3865

(CS)(LMS), 2009 WL 1468620, at *1 (S.D.N.Y. May 26, 2009) ("The district court may adopt

those portions of a report and recommendation to which no objections have been made, as long

as no clear error is apparent from the face of the record." (citing cases)); *accord Mott v. IBM*, No.

10 Civ. 4933 (JFB)(WDW), 2011 WL 3847176, at *1 (E.D.N.Y. Aug. 30, 2011) ("Where clear

notice has been given of the consequences of failure to object, and there are no objections, the

Court may adopt the report and recommendation without *de novo* review." (citing cases)). In

summary, "[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither

party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d

435 (1985).

## II.    Application

Magistrate Judge Netburn found that the Administrative Law Judge properly gathered

"substantial evidence" that Howe was not disabled under the Act, and therefore was not entitled

to disability benefit insurance benefits or SSI. (R & R at 1; *See Ventura v. Barnhart*, No. 04 Civ.

9018, 2006 WL 399458, at *3 (S.D.N.Y. Feb. 21, 2006) ("If substantial evidence supports the

Commissioner's decisions, then it must be upheld, even if substantial evidence also supports the

contrary result.")) A claimant is disabled under the Act if he or she demonstrates an "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Determinable physical or mental impairments "result[] from anatomical, physiological, or

psychological abnormalities," and "are demonstrable by medically acceptable clinical and laboratory diagnostic technicians." 42 U.S.C. § 423(d)(3). These abnormalities must be "of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Under the authority of the Act, determining disability involves a five-step sequential analysis. *See* 20 C.F.R. § § 404.1520, 416.920. First, the claimant must demonstrate that he or she does not currently have gainful employment. *See Janisnski v. Barnhart*, 341 F.3d 182, 183-84 (2d Cir. 2003) (citation omitted). Second, the claimant must prove that he or she is inflicted with a severe impairment that "significantly limits [his or her] physical or mental ability to do basic work activities." *Id.* Third, the claimant must show that he or she has a disability that would automatically qualify him or her for disability insurance or SSI. *Id.* Fourth, the claimant must show that he or she is incapable of performing work. *Id.* Finally, if and only if the previous four steps are satisfied, the burden then shifts to the Commissioner to prove that the claimant cannot perform alternative employment in the national economy. *Id.*

Howe appears to challenge the ALJ's conclusion that (1) she had the residual functional capacity ("RFC") to perform work, and (2) at step five, that significant employment existed for her in the national economy. (R&R at 16.) Despite Howe's contentions otherwise, Judge Netburn found that the ALJ had satisfactorily considered and dismissed these claims. (*Id.* at 29.) This Court agrees.

Regarding Howe's RFC, the ALJ cited the medical opinions of Howe's treating and consulting physicians, who found that she could perform sedentary work. (*Id.* at 21.) Based on these assessments, the ALJ detailed the applicable evidence regarding Howe's potential

disabilities, and explained why this established that she could work certain sedentary jobs. (*Id.* at 22.)  Thus, the "ALJ's determination of Howe's RFC was supported by the overall medical record, which consistently" did not show disability. (*Id.* at 23).

Regarding step five, the ALJ cited various indicators that Howe could potentially find employment in the larger national economy. (*Id.* at 27.)  Here the ALJ considered Howe's (1) RFC; (2) age; (3) education; (4) work experience; (5) physical and psychological analyses; and (6) own testimony. (*Id.* at 27, 29.)  Having evaluated these factors, the Commission established "that suitable work in significant numbers existed that Howe could perform." (*Id.* at 28.)

Judge Netburn concluded her report by outlining that the parties had a right to object within 14 days of its issuance. (*Id.* at 30.)  The report was not mailed to the Plaintiff for some time; on August 29, 2013, Judge Netburn issued an order directing that the report be mailed to the Plaintiff and extending the Plaintiff's time to file objections to September 12, 2013. (Dkt. No. 26.)  The Plaintiff has not filed objections.

Judge Netburn recommended that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order not be taken in good faith, and thus *in forma pauperis* status be denied for the purpose of an appeal. (*Id.* at 30 (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).  Given Judge Netburn's comprehensive analysis, the Court adopts her Report and Recommendation in its entirety.

III.    Conclusion

In accordance with Magistrate Judge Netburn's Report and Recommendation of July 16, 2013, and in light of the substantial evidence supporting the ALJ's denial of SSI or disability to Plaintiff, the Commissioner's motion for judgment on the pleadings is GRANTED. Additionally, the court certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal from this

order will not be taken in good faith; accordingly, *in forma pauperis* status is denied for purpose

of an appeal.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
    October 7, 2013

_____

J. PAUL OETKEN
United States District Judge

5